IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIT COMMUNICATIONS FINANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LEVEL 3 COMMUNICATIONS, LLC and LEVEL 3 COMMUNICATIONS, INC.,<br><br>Defendants. | Civil Action No. 06-CV-00121-SLR |

Filed:  March 23, 2006

---

**MEMORANDUM OF LAW IN SUPPORT
OF PLAINTIFF'S MOTION TO REMAND**

---

Andrew C. Kassner (DE # 4507)
Howard A. Cohen (DE # 4082)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE  19801-1254
Telephone:  302-467-4200

Attorneys for Plaintiff,
CIT Communications Finance Corporation

WM\5482\4

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................ ii

NATURE AND STAGE OF THE PROCEEDING................................................................1

FACTUAL BACKGROUND.................................................................................................2

LEGAL ARGUMENT............................................................................................................3

I.  The State Court Action Must Be Remanded Because
    This Court Lacks Subject Matter Jurisdiction ........................................................3

    A.  Since the State Court Action Is Not Based upon a Federal Question
        and Due to an Absence of Diversity Jurisdiction,
        28 U.S.C. § 1441 Does Not Provide Level 3 with a Proper Basis to
        Remove the State Court Action ...............................................................3

    B.  The State Court Action Is Not "Related To" a Case Under Title 11 .......5

II. The Court Must Abstain from Hearing the State Court Action
    Pursuant to 28 U.S.C. § 1334(c)(2) .........................................................................8

III. Even If the Court Had Jurisdiction and Were Not Required to Abstain,
     It Should Exercise Its Discretion Not to Hear the State Court Action
     Under 28 U.S.C. §§ 1334(c)(1) and 1452..............................................................9

CONCLUSION.....................................................................................................................12

## TABLE OF AUTHORITIES

### CASES

In re Atlantic Computer Systems, Inc., 163 B.R. 704 (Bankr. S.D.N.Y. 1994) .................6

Barge v. W. S. Life Ins. Co., 307 B.R. 541 (S.D. W. Va. 2004) ........................................12

Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.), 372 F.3d
154 (3d Cir. 2004).................................................................................................................5

E.S. Bankest, LLC v. United Beverage Fla., LLC (In re United Container LLC),
284 B.R. 162 (Bankr. S.D. Fla. 2002) ................................................................................11

In re Earned Capital Corp., 331 B.R. 208 (W.D. Pa. 2005)...............................................11

Eastland Partners L.P. v. Brown, 199 B.R. 917 (Bankr. E.D. Mich. 1996)..........................5

Estate of Fitzpatrick v. Brehm, 580 F. Supp. 731 (W.D. Ark. 1984) ...................................4

Grimes v. Graue (In re Haws), 158 B.R. 965 (Bankr. D. Tex. 1993)..............................5, 7

In re Guild & Gallery Plus, Inc., 72 F.3d 1171 (3d Cir. 1996)............................................8

In re LaRoche Indus., 312 B.R. 249 (Bankr. D. Del. 2004) .................................................5

Lomas & Nettleton Co. v. Warren (In re Warren), 125 B.R. 128
(E.D. Pa. 1991).....................................................................................................................11

Lone Star Indus., Inc. v. Liberty Mut. Ins., 131 B.R. 269 (D. Del. 1991).....................11,12

In re Mobile Tool Int'l, 320 B.R. 552 (Bankr. D. Del. 2005)...............................................8

Motion Control Corporation v. SICK, Inc., 354 F.3d 702 (8th Cir. 2003)..........................4

Pacor, Inc. v. Higgins, 743 F.2d 984 (3d Cir. 1984)............................................................5

In re Pegasus Gold Corp., 394 F.3d 1189 (9th Cir. 2005) ...................................................5

Rosciszweski v. Arete Assocs., Inc., 1 F.3d 225 (4th Cir. 1993) ........................................4

Sanchez v. Sanchez, 424 F. Supp. 451 (S.D.N.Y. 1977)......................................................4

Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).................................................3

Shubert v. Roche Holding AG, 157 F. Supp. 2d 542 (E.D. Pa. 2001)................................11

Shugrue v. Continental Airlines, 977 F. Supp. 280 (S.D.N.Y. 1997)..................................6

Somlyo v. J. Lu-Rob Enterprises, Inc., 932 F.2d 1043 (2d Cir. 1991) ...............................3

Steel Valley Auth. v. Union Switch & Signal Div., 809 F.2d 1006
(3d Cir. 1987)......................................................................................................................3

Stoe v. Flaherty, 436 F.3d 209 (3d Cir. 2006) ...................................................................9

Sun Healthcare Group, Inc. v. Levin (In re Sun Healthcare Group, Inc.), 267 B.R.
673 (Bankr. D. Del. 2000) ................................................................................................10

Syngenta Crop Prot., Inc. v. Henson, 537 U.S. 28 (2002)..................................................4

Torkelsen v. Maggio (In re Guild & Gallery Plus), 72 F.3d 1171 (3d Cir. 1996)...............5

Trans World Airlines, Inc., v. Icahn (In re Trans World Airlines, Inc.), 278 B.R.
42 (Bankr. D. Del. 2002) ...........................................................................................5, 8, 9

U.I.U. Health and Welfare Fund v. Levit (In re Futura Indus., Inc.,), 69 B.R. 831
(Bankr. E.D. Pa. 1987) .......................................................................................................9

In re Valley Media, Inc., 289 B.R. 27 (Bankr. D. Del. 2003)...........................................10

Wilson v. Republic Iron & Steel Co., 257 U.S. 92 (1921) .................................................3

Wolser v. Joshua Slocum, Ltd. (In re Joshua Slocum Ltd.), 109 B.R. 101
(E.D. Pa. 1989)...................................................................................................................9

Zoren v. Genesis Energy, L.P., 195 F. Supp. 598 (D. Del. 2002) ......................................3

**STATUTES**

28 U.S.C. § 1331................................................................................................................4

28 U.S.C. §§ 1334(c)(1).....................................................................................................9

28 U.S.C. § 1334(c)(2).......................................................................................................8

28 U.S.C. § 1441(b) ...........................................................................................................4

28 U.S.C. § 1446(a) ...........................................................................................................4

28 U.S.C. § 1447(c) ...........................................................................................................3

28 U.S.C. § 1452........................................................................................................... 9-10

## NATURE AND STAGE OF THE PROCEEDING

This dispute concerns state law causes of action asserted by an equipment lessor against the purchaser of a bankruptcy debtor's assets. Plaintiff, CIT Communications Finance Corporation ("CIT"), is in the business of leasing equipment. In the instant case, CIT was the lessor of telephone equipment, which it leased to Genuity, a now-liquidated bankruptcy debtor. The defendants herein (the "Defendants" or "Level 3") acquired Genuity's assets, thereby obtaining use and possession of CIT's equipment.

CIT commenced this lawsuit to enforce its rights in the leased equipment. CIT filed its complaint in the Delaware Superior Court because the Defendants are organized under Delaware law; and CIT's claims are based solely on state law.

The Defendants removed the action to this Court. CIT now moves to remand.

## FACTUAL BACKGROUND

On or about December 28, 1995, Genuity Solutions, Inc., f/k/a BBN Corp., and related entities (together, "Genuity") entered into Master Equipment Lease Agreement E212580 (the "Master Lease") and various schedules thereto (the "Schedules" and, together with the Master Lease, as amended from time to time, the "Telephone System Lease") with CIT. Pursuant to the Telephone System Lease, CIT leased to Genuity the telephone system and equipment identified in the Master Lease (the "Equipment") in return for Genuity's agreement, among other things, to make monthly installment lease payments to CIT in the amount of $215,716.56 (the "Monthly Payments").

On November 27, 2002, Genuity filed for bankruptcy protection in the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). On January 24, 2003, the Bankruptcy Court approved the sale of Genuity's assets to Level 3.

As part of the sale, Level 3 acquired the right of possession and use of the Equipment and, therefore, Genuity's obligations under the Telephone System Lease. Subsequently, Genuity transferred possession of the Equipment to Level 3. In accordance with the terms of sale and the Telephone System Lease, Level 3 was required to make the Monthly Payments to CIT for its use and possession of the Equipment. Despite making some payments to CIT on account of the Telephone System Lease, Level 3 subsequently disclaimed any obligation to make the Monthly Payments and consequently has failed to make the required Monthly Payments to CIT. Further, notwithstanding CIT's demand, Level 3 has failed to return all the Equipment to CIT.

Based, in part, upon Level 3's failure to make payments to CIT for its use and possession of the Equipment, CIT commenced an action against Level 3 in the Delaware Superior Court (the "State Court Action"). At the time of commencement of the State Court Action, more than two years had passed since Genuity emerged from bankruptcy. The Complaint in the State Court Action sets forth three claims against Level 3: breach of contract, unjust enrichment, and conversion.

On February 24, 2006, Level 3 removed the State Court Action to this Court. In its notice of removal, Level 3 attempts to disguise the fact that CIT's claims exist independent of Genuity's bankruptcy and alleges that the claims asserted by CIT "arise out of factual allegations related to a pending bankruptcy proceeding under Title 11."

CIT now moves to remand the State Court Action to the Delaware Superior Court.

# LEGAL ARGUMENT

**I.     THE STATE COURT ACTION MUST BE REMANDED BECAUSE THIS COURT LACKS SUBJECT MATTER JURISDICTION**

It is axiomatic that this Court is one of limited jurisdiction. "In light of the congressional intent to restrict federal court jurisdiction, as well as the importance of preserving the independence of state governments, federal courts construe the removal statute narrowly, resolving any doubts against removability." <u>Somlyo v. J. Lu-Rob Enterprises, Inc.</u>, 932 F.2d 1043, 1045-1046 (2d Cir. 1991), citing <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100, 108 (1941). It is incumbent upon the removing defendant to establish that its case is within the federal court's removal jurisdiction. <u>Steel Valley Auth. v. Union Switch & Signal Div.</u>, 809 F.2d 1006, 1010 (3d Cir. 1987); <u>Zoren v. Genesis Energy, L.P.</u>, 195 F. Supp. 598, 602 (D. Del. 2002). The burden is not on the party seeking remand to disprove federal jurisdiction. <u>Wilson v. Republic Iron & Steel Co.</u>, 257 U.S. 92, 97 (1921). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because Level 3 has not established and cannot establish a basis for federal subject matter jurisdiction, the State Court Action must be remanded.

    **A.     Since the State Court Action Is Not Based upon a Federal Question and Due to an Absence of Diversity Jurisdiction, 28 U.S.C. § 1441 Does Not Provide Level 3 with a Proper Basis to Remove the State Court Action**

Section 1441(a) provides that removal is proper where the federal court would have had "<u>original jurisdiction</u>" over the state court case. Where, as here, the removing party does not allege diversity jurisdiction, this Court's original jurisdiction must be based upon an action "arising under the Constitution, laws, or treaties of the United

States.  28 U.S.C. § 1331; <u>Rosciszweski v. Arete Assocs., Inc.</u>, 1 F.3d 225, 230 (4th Cir. 1993).

Level 3 contends that the State Court Action "arises out of factual allegations related to a pending proceeding under Title 11."  <u>See</u> Notice of Removal at ¶3.  This appears to be an argument that removal is appropriate because the complaint in the State Court Action raises what is commonly referred to as a "federal question."[1]

However, under the removal statute, CIT is not required to guess what grounds of removal are being asserted; rather, Level 3 is required to specify the grounds upon which federal jurisdiction rests.  Specifically, the removal statute requires a "short and plain statement of the grounds for removal ...."  28 U.S.C. § 1446(a).  <u>See</u> <u>Estate of Fitzpatrick v. Brehm</u>, 580 F. Supp. 731 (W.D. Ark. 1984); <u>see also</u> <u>Sanchez v. Sanchez</u>, 424 F. Supp. 451 (S.D.N.Y. 1977).  A party's failure to comply with that requirement is, by itself, an adequate and independent ground for remand of a case to state court.

Level 3's notice of removal states only that the State Court Action "arises out of factual allegations related to a pending proceeding under Title 11."  Based on the language of the statute and the cases interpreting that language, the notice of removal is deficient.  Indeed, this unsupported assertion is no more than an inaccurate conclusion of law, which does nothing to establish a federal court's jurisdiction to hear the State Court

---

[1] A federal question is a question of law which "arises under the Constitution, treaties or laws of the United States."  <u>See</u> 28 U.S.C. § 1441(b); 28 U.S.C. § 1331.  To the extent Level 3 argues that the supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1367(a) because the matter is related to the claims in the bankruptcy case, such an argument is not viable.  It is well established that "supplemental jurisdiction does not allow a party to remove an otherwise unremovable action to federal court for consideration with a related action, even if such an approach would have the benefits of efficiency."  <u>See</u> <u>Motion Control Corporation v. SICK, Inc.</u>, 354 F.3d 702 (8th Cir. 2003); <u>Syngenta Crop Prot., Inc. v. Henson</u>, 537 U.S. 28 (2002).  As the Supreme Court explained in <u>Syngenta</u>, supplemental jurisdiction does not qualify as "original jurisdiction."  Therefore, supplemental jurisdiction cannot provide the original jurisdiction needed to remove the State Court Action.

Action.  Because of Level 3's failure to plead facts which establish federal jurisdiction and a consequent right to removal, the State Court Action must be remanded to the Delaware Superior Court.

### B. The State Court Action Is Not "Related To" a Case Under Title 11

Level 3's claims are not "related to" a case under title 11.[2] The Third Circuit's recent decision in <u>Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)</u>, 372 F.3d 154 (3d Cir. 2004), is dispositive on this issue.  The well-established test in the Third Circuit for whether a claim is related to a bankruptcy case is whether "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy."  <u>Binder</u>, 372 F.3d at 164 (quoting <u>Pacor, Inc. v. Higgins</u>, 743 F.2d 984, 994 (3d Cir. 1984)).[3]  As the Third Circuit articulated in <u>Binder</u>, this test – and the bankruptcy court's jurisdiction – becomes much more restricted following plan confirmation; for "related to" jurisdiction to exist at the post-confirmation stage, "the claim must affect an

---

[2] Level 3 apparently concedes that the State Court Action does not "arise under" title 11 of the United States Code or "arise in" a case under title 11. "Arising under" jurisdiction applies only to proceedings that derive directly from the Bankruptcy Code.  <u>See</u>, e.g., <u>Grimes v. Graue (In re Haws)</u>, 158 B.R. 965, 969 (Bankr. D. Tex. 1993) ("[f]or a proceeding to 'arise under' title 11, a party must be claiming a right or remedy created by one of the specific sections of title 11").  Proceedings "arising in" a bankruptcy case are those that "are not based on any right expressly created by the Bankruptcy Code, but nevertheless, would have no existence outside of bankruptcy." <u>Eastland Partners L.P. v. Brown</u>, 199 B.R. 917, 919 (Bankr. E.D. Mich. 1996) (describing "arising in" as a "residual category of civil proceedings which includes administrative matters, motions to turn over property of the estate, and determinations of the validity, extent, and priority of liens"). Since CIT's claims exist independent of Genuity's bankruptcy case and are based solely on state law, the claims do not "arise under" nor do they "arise in" Genuity's bankruptcy. <u>See Torkelsen v. Maggio (In re Guild & Gallery Plus)</u>, 72 F.3d 1171, 1178 (3d Cir. 1996) (appellant's state law claims "certainly could exist outside of bankruptcy; they could all be filed in state court" and therefore do not "arise only in the context of a bankruptcy case"); <u>Trans World Airlines, Inc., v. Icahn (In re Trans World Airlines, Inc.)</u>, 278 B.R. 42, 49 (Bankr. D. Del. 2002) (proceeding did not arise in the context of a bankruptcy case where decision depended on interpretation of state law, rather than Bankruptcy Code).

[3] The <u>Binder</u> holding has been followed in this District as well as others.  <u>See In re LaRoche Indus.</u>, 312 B.R. 249, 257 (Bankr. D. Del. 2004) (permissive abstention motion granted in light of question about jurisdiction where litigation commenced after consummation of bankruptcy plan); <u>In re Pegasus Gold Corp.</u>, 394 F.3d 1189, 1194 (9th Cir. 2005) (adopting Third Circuit's "close nexus" test for post-confirmation jurisdiction).

integral aspect of the bankruptcy process – there must be a close nexus to the bankruptcy plan or proceeding." Id. at 167.  Only claims that affect the "interpretation, implementation, consummation, execution, or administration of the confirmed plan" will establish the "close nexus" necessary for "related to" jurisdiction.  Id.  Further, the Third Circuit expressly rejected the notion that a plan could create jurisdiction:  "The source of the bankruptcy court's subject matter jurisdiction is neither the Bankruptcy Code nor the terms of the Plan.  The source of the bankruptcy court's jurisdiction is 28 U.S.C. §§ 1334 and 157." Id. at 161.[4]

In the instant case, Level 3 cannot meet its burden of establishing the requisite "close nexus."  CIT's claims are unrelated to the administration, consummation, and execution of the Plan, and do not arise in connection with the Plan.  Further, no construction or interpretation of the Plan is necessary for the resolution of the claims.  Indeed, because the Debtor's estate ceased to exist on the Effective Date of the Plan, CIT's lawsuit cannot, by definition, have any effect upon the Debtor's bankruptcy estate.  See id. at 168-71; see also Shugrue v. Continental Airlines, 977 F. Supp. 280, 289 (S.D.N.Y. 1997) (dismissing defendants' state law counterclaims as beyond section 1334 jurisdiction because they were "affirmative claims seeking damages ... for common law [torts] … independent from the bankruptcy proceedings").  Rather, the instant case is a straightforward post-confirmation dispute between the purchaser of a debtor's assets and a third party, and consequently there is no possibility of "related to" jurisdiction.  See In re Atlantic Computer Systems, Inc., 163 B.R. 704 (Bankr. S.D.N.Y. 1994) (bankruptcy

---

[4]  Because counsel for the liquidating trust established under Genuity's plan is not filing fee applications with the Bankruptcy Court, the liquidating trustee appears to agree with CIT that the post-confirmation jurisdiction of the Bankruptcy Court is quite limited.

court lacks jurisdiction to hear an adversary proceeding brought by the purchaser of the Chapter 11 debtor's leases, where the debtor's plan had been confirmed and substantially consummated and whatever property rights were held by the debtor's estate pre-confirmation were no longer vested in the estate).

Grimes v. Graue (In re Haws), 158 B.R. 965 (Bankr. S.D. Tex. 1993), a case cited with approval in Binder, is instructive. In concluding that it did not have subject matter jurisdiction over the plaintiff trustee's state-law tort claims, the Grimes court explained:

> [The trustee] fails to demonstrate how the damages, if any, recovered from this adversary are necessary to effectuate the terms of the Haws plan as confirmed in June 1990. Nowhere in the lawsuit is the bankruptcy court being asked to construe or interpret the confirmed plan or to see that federal bankruptcy laws are complied with in the face of violations.
>
> Moreover, the state law causes of action set forth in the Complaint could have been brought in state court whether or not the bankruptcy case was ever filed . . . . The only nexus to this bankruptcy case is that the plaintiff in this matter is a liquidating trustee representing a group of creditors appointed pursuant to the confirmed plan of reorganization.

Grimes, 158 B.R. at 971.

Similarly here, CIT's claims against Level 3 can have no conceivable effect on Genuity's bankruptcy estate, which ceased to exist on December 2, 2003. There is no need to interpret or implement Genuity's bankruptcy plan in order to resolve CIT's claims. The plan is not central, or even relevant, to the issues in the State Court Action. Accordingly, this Court has no subject matter jurisdiction over the State Court Action.

**II.   THE COURT MUST ABSTAIN FROM HEARING THE STATE COURT ACTION PURSUANT TO 28 U.S.C. § 1334(C)(2)**

Even if "related to" jurisdiction were found to exist, the Court nonetheless must abstain from exercising jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1334(c)(2), which provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court **shall** abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2) (emphasis added).

A federal district court deciding a motion under Section 1334(c)(2) "must abstain when six factors are met: (1) The party must have filed a motion to abstain; (2) The proceeding must be based on a state law claim; (3) The proceeding must be non-core; (4) No basis for federal court jurisdiction can exist other than § 1334, (5) An action must be commenced in state court; and (6) The state court action can be timely adjudicated." In re Mobile Tool Int'l, 320 B.R. 552, 556 (Bankr. D. Del. 2005); In re Trans World Airlines, Inc., 278 B.R. at 50.

In the present case, all of the requirements for mandatory abstention are met. First, CIT timely filed this motion to remand. Second, CIT's complaint is based solely on state law claims. Third, the State Court Action is a non-core proceeding.[5] Fourth, as set

---

[5] This action is not a core proceeding because, as discussed above, it does not invoke a substantive right provided by title 11, and it is not a proceeding that by its nature could arise only in the context of a bankruptcy case. This is a dispute governed by state law. It neither involves substantive rights provided by the federal bankruptcy law nor could it arise only in a bankruptcy case. See In re Guild & Gallery Plus, Inc., 72 F.3d at 1178 (appellant's various state law claims "need not arise only in bankruptcy" and therefore
(continued…)

forth above, there is no independent basis for federal jurisdiction that would have permitted the State Court Action to be commenced in federal court absent bankruptcy. Fifth, CIT commenced the State Court Action in the Delaware Superior Court. Sixth, the Delaware Superior Court can timely adjudicate CIT's claims.[6] Accordingly, CIT has met all of the conditions required for mandatory abstention under 28 U.S.C. § 1334(c)(2), and this Court must abstain from hearing the State Court Action and remand the case to the Delaware Superior Court.[7]

### III. EVEN IF THE COURT HAD JURISDICTION AND WERE NOT REQUIRED TO ABSTAIN, IT SHOULD EXERCISE ITS DISCRETION NOT TO HEAR THE STATE COURT ACTION UNDER 28 U.S.C. §§ 1334(C)(1) AND 1452.

Even if (contrary to fact and law) this Court had jurisdiction and were not required to abstain, it should exercise its discretion not to hear the State Court Action under 28 U.S.C. §§ 1334(c)(1) and 1452, which provide that a court may elect not to hear

---

(..continued)
"this case is not a core proceeding because [appellant's] claims neither invoke a substantive right provided by title 11," nor could this action "arise only in the context of a bankruptcy case."); In re Trans World Airlines, Inc., 278 B.R. at 48-50 (granting mandatory abstention and holding that state law actions which do not depend upon the bankruptcy laws for their existence and that could proceed in another court are not core proceedings). In fact, as is also discussed above, this case is not even "related to" the bankruptcy within the meaning of 28 U.S.C. § 1334(b).

[6] For the fourth year in a row, the Harris Poll State Liability Systems Ranking Study conducted for the United States Chamber Institute for Legal Reform has ranked the Superior Court of Delaware as the premier court of general jurisdiction in the country. In this case, because Genuity's Chapter 11 plan was confirmed in 2003, there is no reason why the bankruptcy – now consummated – requires speedier adjudication than the Superior Court could provide. See Stoe v. Flaherty, 436 F.3d 209. 219-220 (3d Cir. 2006) (timeliness of adjudication must be determined with respect to the needs of the bankruptcy case). Genuity is not even a party to the State Court Action.

[7] Even some of the elements of mandatory abstention were lacking, a finding of all but one of the factors should lead the Court to more carefully consider permissive abstention. See Wolser v. Joshua Slocum, Ltd. (In re Joshua Slocum Ltd.), 109 B.R. 101, 107 (E.D. Pa. 1989) (where all but one of the elements of mandatory abstention are satisfied, "courts should have careful consideration whether it would be appropriate to exercise their discretion to abstain under § 1334(c)(1)") (quoting U.I.U. Health and Welfare Fund v. Levit (In re Futura Indus., Inc.), 69 B.R. 831, 834 (Bankr. E.D. Pa. 1987) (citation omitted).

a case "in the interest of justice, or in the interest of comity with State courts or respect for State law" or "on any equitable ground."  Section 1334(c)(1) of title 28 provides: "Nothing in . . . [Section 1334] prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11".  28 U.S.C. § 1334(c)(1).  Likewise, Section 1452 of title 28 provides: "The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  28 U.S.C. § 1452.

In determining whether discretionary abstention and equitable remand are appropriate, courts typically consider one or more, but not necessarily all, of the following factors: (1) the effect or lack thereof on the efficient administration of the estate; (2) the extent to which state law issues predominate over bankruptcy issues; (3) the difficulty or unsettled nature of the applicable state law; (4) the presence of a related proceeding commenced in state court or other non-bankruptcy court; (5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334; (6) the degree of relatedness of the proceeding to the main bankruptcy case; (7) the substance rather than the form of an asserted "core" proceeding; (8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court, with enforcement left to the bankruptcy court; (9) the burden of the court's docket; (10) the likelihood that the commencement of the proceeding in bankruptcy court involves forum shopping by one of the parties; (11) the existence of a right to a jury trial; and (12) the presence in the proceeding of nondebtor parties.  See e.g., Sun Healthcare Group, Inc. v. Levin (In re Sun Healthcare Group, Inc.), 267 B.R. 673, 678-79 (Bankr. D. Del. 2000); In re Valley

Media, Inc., 289 B.R. 27, 30 (Bankr. D. Del. 2003) (discussing § 1334(c)(1)); Shubert v. Roche Holding AG, 157 F. Supp. 2d 542, 545 (E.D. Pa. 2001) (discussing § 1452).

In this case, these factors – which must be applied flexibly, see In re Earned Capital Corp., 331 B.R. 208, 221 (W.D. Pa. 2005) – weigh heavily in favor of abstention and equitable remand. Many, if not all, of these factors weigh in favor of permissive abstention, while none of them support the Court's retention of jurisdiction over the State Court Action. First and foremost, state law issues greatly predominate over bankruptcy issues, if any exist. The resolution of CIT's claims involves only the application of state law, and the resolution of these issues is in no way related to bankruptcy or other federal issues. Further, comity considerations weigh in favor of remand. See E.S. Bankest, LLC v. United Beverage Fla., LLC (In re United Container LLC), 284 B.R. 162, 177 (Bankr. S.D. Fla. 2002) (comity generally requires that cases arising out of state law be resolved in state courts). Additionally, CIT's claims are non-core; CIT's claims are asserted against a non-debtor; the State Court Action is, at best, only remotely related to Genuity's bankruptcy case; and CIT has demanded a jury trial.

The State Court Action could have no effect on the efficient administration of the former estate of Genuity, which emerged from bankruptcy after its assets were purchased by Level 3. The case does not raise federal questions or significant bankruptcy issues. The issues presented involve the application of state law only and are thus best resolved by a state court. Level 3 cannot credibly contend that the resolution of this post-confirmation dispute, which concerns a pre-petition lease and involves non-debtor parties, relates to the administration and implementation of Genuity's bankruptcy plan. Courts have abstained from hearing cases in similar circumstances. See e.g., Lomas & Nettleton Co. v. Warren (In re Warren), 125 B.R. 128, 132 (E.D. Pa. 1991) (finding that

permissive abstention was appropriate where a matter was based solely on state law); <u>In re Earned Capital</u>, 331 B.R. at 648 (exercising permissive abstention); <u>Lone Star Indus., Inc. v. Liberty Mut. Ins.</u>, 131 B.R. 269, 274 (D. Del. 1991) (granting remand under 28 U.S.C. § 1452(b)); <u>Barge v. W. S. Life Ins. Co.</u>, 307 B.R. 541, 548 (S.D. W. Va. 2004) (exercising permissive abstention and granting equitable remand).

## CONCLUSION

For all of the foregoing reasons, CIT respectfully requests that this Court grant its motion to remand.

Dated: March 23, 2006                     Respectfully submitted,

/s/ Howard A. Cohen
Andrew C. Kassner (DE #4507)
Howard A. Cohen (DE #4082)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE  19801-1254
Telephone: (302) 467-4200
Facsimile:  (302) 467-4201

Attorneys for Plaintiff,
CIT Communications Finance Corporation