IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CIT COMMUNICATIONS FINANCE CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>LEVEL 3 COMMUNICATIONS, LLC and LEVEL 3 COMMUNICATIONS, INC.,<br><br>Defendants. | Civil Action No. 06-CV-00121-SLR |

Filed: July 14, 2006

---

**REPLY BRIEF IN SUPPORT OF
PLAINTIFF'S MOTION TO REMAND**

---

Andrew C. Kassner (DE # 4507)
Howard A. Cohen (DE # 4082)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE 19801-1254
Telephone: (302) 467-4200
Facsimile: (302) 467-4201

Attorneys for Plaintiff,
CIT Communications Finance Corporation

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..................................................................................ii

PRELIMINARY STATEMENT ............................................................................1

LEGAL ARGUMENT.............................................................................................5

I.   This Court Lacks Subject Matter Jurisdiction over this Case ............................5

II.   Level 3 Fails to Demonstrate that Abstention is Inappropriate..........................7

III.   The Court Should not Transfer this Case to the
Southern District of New York Because it does not have
Subject Matter Jurisdiction to Hear the Case ......................................................8

IV.   Even if this Court has Jurisdiction, this Case Should not
be Transferred......................................................................................................10

CONCLUSION.........................................................................................................12

## TABLE OF AUTHORITIES

**CASES**                                                                                               **PAGE**

Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.),
372 F.3d 154 (3d Cir. 2004) ......................................................................................... 5,6,7

Datex-Ohmeda, Inc. v. Hill-Rom Servs., Inc., 185 F. Supp. 2d 407
(D. Del. 2002) ..................................................................................................................... 10

In re Grace Cmty, Inc., 262 B.R. 625 (Bankr. E.D. Pa. 2001) ......................................... 9

Hechinger Liquidation Trust v. Fox, 296 B.R. 323
(Bankr. D. Del. 2003) ....................................................................................................... 10

In re Holly's, Inc., 172 B.R. 545 (Bankr. W.D. Mich. 1994) ........................................ 6,7

In re Insilco Technologies, Inc., 330 B.R. 512 (Bankr. D. Del. 2005) ............................. 5

Lone Star Indus., Inc. v. Liberty Mutual Ins., 131 B.R. 269 (D. Del. 1991) ................ 8,9

Official Comm. of Asbestos Claimants of G-1 Holding, Inc. v. Heyman,
306 B.R. 746 (S.D.N.Y. 2004) ........................................................................................ 10

In re Refrigerant Reclamation Corp. of Am., 186 B.R. 78
(Bankr. M.D. Tenn. 1995) ................................................................................................. 6

Stahl v. Stahl, No. 03-CIV-0405, 2003 WL 22595288
(S.D.N.Y. Nov. 7, 2003) .................................................................................................... 9

Stratos Lightwave, Inc. v. E20 Commc'ns, Inc., C.A. No. 01-309, 2002
U.S. Dist. LEXIS 5653 (D. Del. March 26, 2002) .......................................................... 11

Studebaker-Worthington Leasing Corp. v. Michael Rachlin & Co., LLC,
357 F. Supp. 2d 529 (E.D.N.Y. 2004) .............................................................................. 9

In re Tricord Sys., Inc., No. 02-82361, 2003 WL 1565945
(Bankr. D. Del. March 24, 2003) ................................................................................... 8,9

**STATUTES**

28 U.S.C. § 1334 ................................................................................................................ 6

28 U.S.C. § 1404 .............................................................................................................. 10

28 U.S.C. § 1412 .............................................................................................................. 10

Plaintiff, CIT Communications Finance Corporation ("CIT"), by and through its undersigned counsel, respectfully submits this reply memorandum in further support of its motion to remand (the "Motion to Remand").

## PRELIMINARY STATEMENT

More than two and a half years have passed since Genuity's Chapter 11 plan went effective. Notwithstanding the fact there is no longer a "debtor", Level 3 is attempting to convince this Court that this case is "related to" a bankruptcy proceeding. By suggesting that Level 3 will attempt to implead the "Debtors" in the event this case is remanded, and repeatedly making reference to the "Debtors" in its brief, Level 3 ignores the fact that the Debtors no longer exist, and therefore cannot be impleaded. Rather, a liquidating trust (the "Trust") has been formed to resolve claims and make any necessary distributions. The Trust can be sued or impleaded in a state court, and this fact does not require bankruptcy court jurisdiction.

This case concerns post-confirmation causes of action asserted by a lessor of personal property against a third party who has used, possessed, and lost the lessor's property without paying for it. The fundamental flaw in Level 3's position is that the causes of action asserted by CIT against Level 3 arise <u>independent</u> of the bankruptcy proceeding. The causes of action are not duplicative of any claims asserted against the bankrupt, and Level 3's Memorandum of Law in Opposition to Plaintiff's Motion to Remand (the "Opposition Brief") simply ignores this very fact.[1]

---

[1] CIT is not asserting a "rejection damages" claim against Level 3. Level 3's contention that CIT has submitted to bankruptcy court jurisdiction ignores the fact that such jurisdiction is limited to the claims between CIT and the Trust. Here, based upon Level 3's failure to pay for its possession and use of CIT's equipment and its failure to return the equipment to CIT, Level 3 has liability to CIT independent of the bankruptcy proceeding. Similar to a situation where a third-party guarantor satisfies a claim of a bankrupt debtor and subrogates to the underlying claim asserted against the debtor, to the extent Level 3 is willing to
(continued...)

Level 3 must compensate CIT for its use, possession, and loss of the leased equipment. The bankruptcy sale is simply a red herring. Based on its post-confirmation conduct, Level 3 must compensate CIT regardless of whether the debtors' assets were purchased inside or outside of a bankruptcy proceeding. Level 3 cannot possess and convert CIT's equipment and escape liability by simply labeling any resulting claims as "rejection" claims.

Level 3 conveniently references the Genuity bankruptcy in an apparent attempt to avoid responsibility for its own actions. Rather than engage CIT over the merits of CIT's claims and move to resolve such claims, Level 3 made the conscious decision to remove the case to this Court and engage in protracted litigation. Contrary to Level 3's position, because the parties to this case are all Delaware entities, CIT's claims arise under state law, and the bankruptcy court lacks jurisdiction, CIT made the appropriate decision to commence the instant case in the Delaware Superior Court. Any allegation of forum shopping is unfounded.

CIT's causes of action based upon, <u>inter alia</u>, unjust enrichment, arising from Level 3's use and possession of CIT's property are unrelated to the administration, consummation, and execution of Genuity's Chapter 11 plan (the "Plan"), and do not arise in connection with the Plan. Further, no construction or interpretation of the Plan is necessary for the resolution of the causes of action. Based on these facts and controlling law, there is no federal subject matter jurisdiction over this case. And even if there were,

---

(..continued)
make CIT whole, CIT would be willing to assign any causes of action it possesses against the Trust to Level 3.

given the strong presumption in favor of the plaintiff's choice of forum, this Court should remand this case to the Delaware Superior Court.

## LEGAL ARGUMENT

I. **THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER THIS CASE**

In its Opposition Brief, Level 3 ignores the fact that the Third Circuit's decision in <u>Binder v. Price Waterhouse & Co., LLP (In re Resorts Int'l, Inc.)</u>, 372 F.3d 154 (3d Cir. 2004), is dispositive on the issue of post-confirmation bankruptcy jurisdiction.[2] Rather, Level 3 appears to rely on <u>Pacor</u>, the well-established test in the Third Circuit with respect to <u>pre-confirmation</u> jurisdiction. See <u>In re Insilco Technologies, Inc.</u>, 330 B.R. 512 (Bankr. D. Del. 2005) (rejecting the application of the <u>Pacor</u> test with respect to post-confirmation jurisdiction).

In <u>Binder</u>, the Third Circuit held that <u>Pacor</u> does not govern post-confirmation jurisdiction, in part because of its view that there is no longer an estate. In lieu of the test used in <u>Pacor</u> of "any conceivable relationship," <u>Binder</u> ruled that the essential test for post-confirmation jurisdiction is whether there is a "close nexus" to the bankruptcy plan or proceeding sufficient to uphold bankruptcy jurisdiction. "At the post-confirmation stage, the claim must affect an integral aspect of the bankruptcy process--there must be a close nexus to the bankruptcy plan or proceeding." <u>Id.</u> at 167. Only claims that affect the "interpretation, implementation, consummation, execution, or administration of the confirmed plan" will establish the "close nexus" necessary for "related to" jurisdiction. <u>Id.</u> In the instant case, Level 3 cannot meet its burden of establishing the requisite "close

---

[2] Level 3 does not dispute that this case does not "arise under" title 11 of the United States Code or "arise in" a case under title 11.

nexus." CIT's claims are unrelated to the administration, consummation, and execution of the Plan, and do not arise in connection with the Plan. Further, no construction or interpretation of the Plan is necessary for the resolution of the claims.

In its Opposition Brief, Level 3 repeatedly asserts that resolution of CIT's causes of action require reference to the underlying lease agreement, the asset purchase agreement between Level 3 and Genuity, and the order approving the sale of Genuity's assets to Level 3. Nowhere, however, does Level 3 demonstrate that any of these agreements, or the Plan, is necessary to resolve causes of action such as unjust enrichment, that arise from Level 3's post confirmation use and possession of CIT's equipment. Level 3 then attempts to shoehorn jurisdiction by asserting that the Plan and Sale Order contain retention of jurisdiction provisions, which allegedly provide the bankruptcy court with jurisdiction over CIT's claim. These arguments lack merit and defy common sense.

First, the retention of jurisdiction provisions relied upon by Level 3 do not provide the bankruptcy court with the exclusive jurisdiction to resolve disputes which may arise in the ordinary course. Further, retention of jurisdiction provisions, such as those relied upon by Level 3, do not alter the overall scope of post-confirmation bankruptcy jurisdiction. It is well-established that a bankruptcy court's subject matter jurisdiction derives from 28 U.S.C. § 1334, and not from the terms of a confirmed plan. See, e.g., Binder, 372 F.3d at 161; In re Refrigerant Reclamation Corp. of Am., 186 B.R. 78, 80 (Bankr. M.D. Tenn. 1995); In re Holly's, Inc., 172 B.R. 545, 556 (Bankr. W.D. Mich. 1994) ("[I]n determining the limits of its post-confirmation subject matter jurisdiction, this court must first turn to 28 U.S.C. § 1334, not to the terms of the Debtor's confirmed [plan]."). Accordingly, if the bankruptcy court does not have post-

confirmation jurisdiction under 28 U.S.C. § 1334, plan provisions purporting to create such jurisdiction are "fundamentally irrelevant." Binder, 372 F.3d at 161.  This is a logical extension of the general rule that "neither the bankruptcy court nor the parties can write their own jurisdictional ticket." Binder, 372 F.3d at 161; In re Holly's, Inc., 172 B.R. at 555 ("parties to an agreement cannot confer subject matter jurisdiction upon a federal court").  Since Level 3 has failed to demonstrate the requisite "close nexus" required for post-confirmation bankruptcy jurisdiction and since the retention of jurisdiction provisions in Genuity's Plan cannot establish jurisdiction, this case should be remanded to the Delaware Superior Court.

## II. LEVEL 3 FAILS TO DEMONSTRATE THAT ABSTENTION IS INAPPROPRIATE

Rather than engage in a discussion of the merits of CIT's request for this Court to abstain from exercising jurisdiction, Level 3 devotes a considerable number of pages in the Opposition Brief trying to explain that it believes CIT's causes of action are identical to those asserted in the bankruptcy and, therefore, that such causes of action belong in the bankruptcy court.  As set forth above, CIT's causes of action against Level 3 are not identical to those asserted in the bankruptcy.  CIT has never asserted an unjust enrichment claim in the bankruptcy.  Further, CIT has never asserted a conversion claim in the bankruptcy.  The causes of action asserted against Level 3 in this case are based upon its own conduct.  At the time CIT commenced the instant case, CIT carefully analyzed and properly concluded that its causes of action should brought in the Delaware Superior Court and not this Court or the bankruptcy court.  CIT's opening memorandum clearly sets forth why abstention is appropriate and why the test is satisfied in the instant case.  Nothing contained in the Opposition Brief refutes CIT's position.  CIT submits that

for all the reasons set forth in the opening brief, even if (contrary to fact and law) this Court had jurisdiction, it is both required to abstain, and it should exercise its discretion to abstain in favor of the Delaware Superior Court.

### III. THE COURT SHOULD NOT TRANSFER THIS CASE TO THE SOUTHERN DISTRICT OF NEW YORK BECAUSE IT DOES NOT HAVE SUBJECT MATTER JURISDICTION TO HEAR THE CASE

Level 3's request to have this case transferred prior to a decision on CIT's Motion to Remand is inconsistent with the law in this Circuit.[3] The law in this district is clear that this Court should determine whether it has subject matter jurisdiction before considering whether to transfer the case to another venue. See Lone Star Indus., Inc. v. Liberty Mutual Ins., 131 B.R. 269, 273 (D. Del. 1991) ("as a logical and practical matter, the court should determine whether any bankruptcy court should hear a proceeding before it determines which bankruptcy court should hear it"); In re Tricord Sys., Inc., No. 02-82361, 2003 WL 1565945 at *2 (Bankr. D. Del. March 24, 2003) (holding that logic and practical principles of jurisprudence require that a remand motion be determined before transfer of venue motion). Not only does Level 3's brief fail to contradict this black letter law, the authorities cited in Level 3's brief support CIT's argument. See Opposition Brief at p.14.

In Tricord, the court determined that it first had to resolve the motion to remand to the Court of Chancery before it could consider the motion to transfer venue to the United States Bankruptcy Court for the District of Minnesota. According to the court, "we begin

---

[3] According to Footnote 1 of the Opposition Brief, if the Motion to Remand is denied, Level 3 intends to file a motion to transfer venue. Contrary to Level 3's statement, Level 3 has not only requested that this case be transferred in their Opposition Brief, they have also briefed the issue. While CIT strongly believes that this case properly belongs in the Delaware Superior Court, in light of the unusual procedural position taken by Level 3, CIT reserves all rights to address any issues raised by Level 3 in subsequent pleadings concerning transfer of venue.

our considerations of the Motions before us with the Remand Motion ... logical and practical principles 'dictate that the remand motion be determined before the venue motion'". Id. (quoting Lone Star, 131 B.R. at 273). In determining the threshold issue of subject matter jurisdiction, the Tricord court determined that it lacked jurisdiction over the plaintiff's state-law breach of contract claims (as well as other claims), thereby rendering consideration of the motion to transfer venue moot. Id.

Similarly, this Court should decide the jurisdictional question presented by CIT's remand motion before it decides whether to transfer the case. If the Court determines that it lacks jurisdiction, such a threshold ruling "eliminates the need to decide...whether the proceeding should be transferred." Lone Star, 131 B.R. at 275; see also In re Grace Cmty, Inc., 262 B.R. 625 (Bankr. E.D. Pa. 2001) (holding that a court should consider whether a jurisdictional basis for removal exists before addressing a motion to transfer); Studebaker-Worthington Leasing Corp. v. Michael Rachlin & Co., LLC, 357 F. Supp. 2d 529, 533 (E.D.N.Y. 2004) ("before considering Defendant's motion to transfer venue, the Court must first decide the threshold question whether it has subject matter jurisdiction over this case"); Stahl v. Stahl, No. 03-CIV-0405, 2003 WL 22595288, at *2 (S.D.N.Y. Nov. 7, 2003) ("when presented with competing motions to remand a case and to transfer venue, a court is to consider the remand motion first, and then address the motion to transfer venue only if it first denies the motion to remand").

As CIT's opening brief makes clear, there is no basis for the Court to exercise jurisdiction because: (1) there is no subject matter jurisdiction; (2) this Court is statutorily required to abstain from hearing this case; and (3) even if abstention is not mandatory, this Court should exercise its discretion not to hear the case. Thus, there is no basis for

this Court to consider Level 3's request to transfer, and therefore, such request should be denied.

## IV. EVEN IF THIS COURT HAS JURISDICTION, THIS CASE SHOULD NOT BE TRANSFERRED

Even if this Court has subject matter jurisdiction in this case, which it does not, the case should not be transferred to the Southern District of New York. Level 3 has failed to meet its burden of showing, under either 28 U.S.C. § 1412 or § 1404(a), that transfer would serve the "interests of justice" or "the convenience of [the] parties". Further, a transfer to the bankruptcy court imperils CIT's right to a jury trial.

The burden is on the movant seeking transfer to overcome the strong presumption in favor of the plaintiff's choice of forum. See Datex-Ohmeda, Inc. v. Hill-Rom Servs., Inc., 185 F. Supp. 2d 407, 412 (D. Del. 2002) (stating both that "the burden is upon the movant to establish that the balance of the interests strongly weighs in favor of transfer", and that the plaintiff's choice of forum "should be given substantial deference"); Hechinger Liquidation Trust v. Fox, 296 B.R. 323, 325-26 (Bankr. D. Del. 2003) (stating both that the moving party must demonstrate by a preponderance of the evidence that transfer of venue is warranted, and that plaintiff's choice of forum is a "decision to which courts normally defer"); Official Comm. of Asbestos Claimants of G-1 Holding, Inc. v. Heyman, 306 B.R. 746, 650 (S.D.N.Y. 2004) (noting that there is a strong presumption in favor of plaintiff's choice of forum). Level 3 cannot overcome this strong presumption.

In an attempt to establish that the transfer of this case would serve the interests of justice or convenience of the parties, Level 3 assumes that this Court has subject matter jurisdiction over this case. However, as stated above, this Court lacks subject matter

jurisdiction, as this case neither "arises under" title 11, nor "arises in" nor is "related to" a title 11 case. Accordingly, Level 3's arguments concerning transfer must fail.

None of the arguments or case law cited by Level 3 support the argument that a post confirmation dispute between it and CIT concerning Level 3's use, possession and loss of equipment relate to the administration, consummation, and execution of a chapter 11 plan. The bankruptcy estate has ceased to exist. In fact, any authorities cited by Level 3 are inapposite here, because the pending case involves only state-law causes of action, arising out of post-confirmation conduct. Rather, this case should be remanded to the Delaware Superior Court, which is the appropriate court to resolve the parties' disputes.

Despite Level 3' arguments, it is neither in the interests of justice nor the convenience of the parties to transfer this action to the bankruptcy court. If CIT's right to a jury trial is extinguished, justice has no been served. Further, a transfer would negate CIT's choice of forum. As set forth by this Court in <u>Stratos Lightwave, Inc. v. E20 Commc'ns, Inc.</u>, C.A. No. 01-309, 2002 U.S. Dist. LEXIS 5653, at *7 (D. Del. March 26, 2002), "the fact that [defendant] has incorporated in Delaware is a rational and legitimate reason for choosing to sue [defendant] in Delaware....[defendant], having received the benefits of Delaware incorporation, should not now complain that another corporation has chosen to sue it here." Because the parties are Delaware corporations, the claims involve state-law causes of action, and Level 3 cannot explain any unique or unexpected

burden in litigating in its own state of incorporation, Level 3 cannot establish that transfer of this case is appropriate, and its request to transfer should be denied.

## CONCLUSION

For all of the foregoing reasons, CIT respectfully requests that this Court grant its Motion to Remand.

Dated: July 14, 2006               Respectfully submitted,

/s/ Howard A. Cohen
Andrew C. Kassner (DE #4507)
Howard A. Cohen (DE #4082)
DRINKER BIDDLE & REATH LLP
1100 N. Market Street, Suite 1000
Wilmington, DE  19801-1254
Telephone: (302) 467-4200
Facsimile:  (302) 467-4201

Attorneys for Plaintiff,
CIT Communications Finance Corporation